MINTER ET AL. *v.* PEOPLES NATIONAL BANK AND TRUST COMPANY.

[No. 14,578.    Filed November 18, 1932.]

*Charles D. Hunt,* for appellant.

CURTIS, J.—This was an action by the appellee against the appellants upon a promissory note and to foreclose a real estate mortgage securing same. Each appellant filed a general denial to the complaint and the appellant, Courtney G. Minter, also filed a second paragraph of answer to the complaint. There was also filed a cross-complaint in which both appellants joined. Each appellant also filed a separate cross-complaint in two paragraphs. To each paragraph of cross-complaint the appellee filed a reply in general denial. The cross-complaint filed by each appellant asked "that plaintiff's claim be declared null and void and that the cross-complainant's title to said real estate be quieted." The appellee filed a demurrer to the second paragraph of the answer of the appellant, Courtney G. Minter, which was sustained, and this ruling of the court is assigned as one of the errors relied upon for reversal.

Upon the issues as finally formed, as above indicated, the cause was submitted to the court for trial. There was a general finding for the appellee upon which judgment was entered against each appellant for the amount found due upon the note sued upon, and a foreclosure of the mortgage upon the entire real estate was decreed. Joint and several motions for a new trial were filed seasonably and overruled, and exceptions taken, and this appeal prayed and perfected.

The errors relied upon for reversal are the ruling of the court upon the demurrer to the second paragraph of the answer of the appellant, Courtney G. Minter, and

the overruling of the several motions for a new trial. We are not apprised by the appellant in his brief as to what the several motions for a new trial contained, and, hence, no questions are presented by the assignment of error in relation thereto. The independent assignment of error as to the ruling of the court upon the demurrer to the second paragraph of the answer of the appellant, Courtney G. Minter, presents a question for determination.

. At the outset we may say that the appellee has failed to furnish us a brief, and, under the rules and decisions of the Supreme Court and this Court, this will be taken to be a confession of error, provided the appellant has made a prima facie showing of reversible error.

With the said second paragraph of answer of the appellant, Courtney G. Minter, she filed a copy of the will of her father, Russell E. Minter, by item 4 of which she was given a certain interest in certain of his real estate which was later included in the mortgage sought to be foreclosed in the instant case. Item 4 of said will is as follows: "I give, devise and bequeath all my real estate and all interest therein, to my said daughter Courtney G. Minter (subject to the provisions of Item 3 hereof as to that part described in said Item 3, and subject to the rights given to my said wife by Item 3 hereof) my said daughter to have the use, rents and income thereof during the period of fifty (50) years from my death and at the end of fifty years from my death the same to go to her in fee simple if she be then living, but she shall not have the power to convey or incumber the same during said period of fifty years. And if my said daughter shall die within said period 50 years, my said wife if living shall have such use and income during her life time not exceeding said period of 50 years. And if my said daughter shall die within

said period of 50 years after my death, leaving issue by her, or their descendants, such issue shall take said real estate in fee simple in the same proportions as the law would cast it if my said daughter had died intestate owning it in fee. But if my said daughter shall die without issue within said period of 50 years from my death, and without such issue or their descendants surviving her, then and in that event I give and devise said real estate to the heirs and next of kin of my sister Hattie A. Harper who are of my blood, in the same proportions as such kindred would have inherited by law from said Hattie A. Harper in case she had died intestate owning the same in fee." The paragraph of answer under consideration further alleged that immediately after said will was probated the appellant, Mary E. Minter, who was the widow of Russell E. Minter, elected in writing, as provided by law, to take under the law, and did take under the law and received one-third of the real estate of her husband in fee simple, and that the appellant, Courtney G. Minter, took the remainder of said real estate conditionally as provided in said Item 4; that said will was duly probated and recorded before the date of the mortgage sued upon and that the appellee had full knowledge of said will and the limitations thereof at the time said mortgage was taken by it; that Courtney G. Minter had no other title and interest in said real estate other than that received and given to her in said will, and that she had no power to convey or encumber said real estate, and that by reason thereof said mortgage is as to her void and unenforceable.

The demurrer is for want of sufficient facts to constitute a defense. The memorandum filed with the demurrer relies upon three grounds as follow: (1) Estoppel; (2) "The statement in the will of Russell E. Minter attempting to limit the right of said defendant to convey or encumber her interest in said real estate for the

period of fifty years is invalid and not enforceable and does not prevent said defendant Courtney G. Minter from selling or transferring whatever title she had in said real estate by virtue of said will or otherwise. The interest in said real estate which passed to said defendant Courtney G. Minter by virtue of her father's will was a vested interest and gave her the right of possession, including the rents and profits therefrom and including the right to dispose of such interest and such rents and profits, notwithstanding the provision in said will attempting to restrict her right of conveyance or to mortgage said real estate; (3) If it should be claimed or contended by the defendant Courtney G. Minter that her title to said real estate is not vested in her but is vested in others, the persons in whom the title is vested would be the only ones who could claim any right thereto. Whatever title she had by virtue of said will or otherwise, either vested or contingent, could be conveyed by her by a mortgage and she would be estopped after executing such mortgage from denying her title thereto or her right to convey or encumber the same." We think the appellant has made a prima facie showing of reversible error in the ruling of the court in sustaining the demurrer to the said second paragraph of answer.

We see nothing in this paragraph of answer that would, as a matter of law, work an estoppel, and, if we concede (without deciding) that the appellant, Courtney G. Minter, has such an interest in the rents and profits of the real estate in question as distinguished from the fee, as would entitle her to mortgage them, yet that is not the theory of the mortgage. It purported to mortgage the fee. It appears, at least prima facie, that said 4th item of the father's will does not violate either section 13416 Burns 1926 as to the suspension of the power of alienation of real estate, nor has there been pointed out any rule of construction

of wills that would require any interpretation of the plain provisions of the item to permit the making by the appellant, Courtney G. Minter, of the mortgage sued upon. If she had no power to bind the two-thirds of the fee of the real estate covered by the mortgage, then a foreclosure as to the two-thirds is a nullity and should be set aside. The third specification in the memorandum of the demurrer is beside the question. See *Hayes* v. *Martz* (1910), 173 Ind. 279, 89 N. E. 303, wherein it was said: "We cannot make a rule to fit a hard case in violation of the plain intent of the testator. Besides, it seems to us that a flaming signal was set up in the face of every purchaser, by the language that the farm 'is not to be sold, or disposed of by the said John Horsely Hayes.' "

Mary E. Minter, one of the appellants, appears to have owned the one-third of the real estate covered by the mortgage. Her death since the submission of this cause has been suggested, and as to her, we believe no question is presented, and the judgment against her is affirmed as of the date of submission. The judgment against Courtney G. Minter, the other appellant, is reversed with instructions to overrule the demurrer to her second paragraph of answer, and for further proceedings not inconsistent with this opinion.

Bridwell, J., not participating.